THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JAMES BLAKESLEE, CHARLES BRODERICK and THOMAS SOKOLSKI, Appellants, et al., Defendants.— Judgments of conviction affirmed. Appeal from order dismissed as academic. All concur as to affirmance of judgments of conviction except McCurn, P. J., and Wheeler, J., who dissent and vote for reversal and for dismissal of the indictment, in the following memorandum: The pinball machines were, in our

opinion, erroneously admitted in evidence. In each instance the evidence claimed to connect the defendant with the machine was a police "recovered property report." The report described the machine by a license number which in each instance corresponded with the license number issued to the particular defendant. It was assumed that the licenses were in some way attached to the respective machines, although there is no evidence that such is the fact. There is evidence in the record that these licenses were not issued to apply to any particular machine and were transferred from time to time from one machine to another. No presumption of ownership or control arises from such a license. Moreover, the police recovered property report in each instance was offered and received in evidence with the express understanding that it was not for the purpose of establishing ownership or control. The tavern keepers who testified against each of the defendants were accomplices, and, in our view of it, the testimony of no one of them was corroborated, as required by section 399 of the Code of Criminal Procedure. (Appeal from judgments of Erie Trial Term, convicting defendants Blakeslee, Broderick, Sokolski and others of the crime of keeping slot machines in violation of section 982 of the Penal Law. The order disallowed the demurrer to the indictment.) Present — McCurn, P. J., Vaughan, Piper, Wheeler and Van Duser, JJ.